Argued and submitted March 13, reversed and remanded July 19, petition for review allowed September 26, 1995 (322 Or 167)

PAUL EDWARD KIBBLE,
*Respondent,*

*v.*

G. H. BALDWIN,
Superintendent,
Eastern Oregon Correctional Institution,
*Appellant.*

(CV 92-960; CA A82560)

899 P2d 731

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Theresa M. Kohlhoff filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

PER CURIAM

## PER CURIAM

The state seeks reversal of an order granting post-conviction relief. It argues that the post-conviction court erred in finding that petitioner received inadequate assistance of counsel. We reverse.

The post-conviction court based its decision on the fact that trial counsel did not pursue an extreme emotional disturbance (EED) defense to the charge of attempted murder. The court relied on *State v. Carson*, 292 Or 451, 640 P2d 586 (1982), which held that EED may be a defense to a charge of attempted murder. However, the statutory underpinnings of *Carson* have changed. The defendant in *Carson* was tried in 1979. In 1981, the legislature amended ORS 163.135; it now provides that EED is an affirmative defense to a charge of intentional murder and "does not constitute a defense to the prosecution for * * * any other crime." The Supreme Court has since held that "EED is a defense to the crime of intentional murder, and to no other crime." *State v. Wille*, 317 Or 487, 492, 858 P2d 128 (1993). Defendant here pleaded guilty to the charge of attempted murder in 1991, well after the amendment took place. Accordingly, the trial court erred in holding that petitioner's trial counsel was inadequate.[1]

Petitioner's other contentions are without merit.

Reversed and remanded.

---

[1] We do not mean to imply that, had EED been available as a defense, petitioner necessarily would have received inadquate assistance of counsel if the defense was not pursued.